IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUKE LEWIS MELTON III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:12cv684-WHA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, Luke Lewis Melton III ("Melton"), is before this court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After consideration of Melton's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

**I.  BACKGROUND**

On August 20, 2009, Melton pled guilty under a plea agreement to possession of a firearm by a convicted felon, possession of marijuana, and possession of crack cocaine. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 844(a). After a sentencing hearing on October 28, 2009, the district court sentenced him to 60 months in prison. Melton appealed, arguing that the district court erred in denying his motion to suppress the drug evidence found during the search of his car. On August 9, 2010, the Eleventh Circuit Court of Appeals issued an

opinion affirming his conviction and sentence. *United States v. Melton*, 391 Fed. App'x 799 (11th Cir. 2010). The Eleventh Circuit subsequently denied rehearing and rehearing en banc. *United States v. Melton*, 409 Fed. App'x 315 (11th Cir. Oct. 8, 2010) (Table, No. 09-15608-DD). On June 27, 2011, the United States Supreme Court denied Melton's petition for certiorari review. *Melton v. United States*, ___ U.S. ___, 131 S.Ct. 3058 (2011) (No. 10-8321).

On June 27, 2012, Melton filed this motion under § 2255 motion (Doc. No. 1) arguing, as he did on direct appeal, that the district court erred in denying his motion to suppress the drug evidence found during the search of his car.

The government answers (Doc. No. 7 at 13) that Melton's claim – his sole claim – is procedurally barred from this court's review because it was raised and decided adversely to him on direct appeal to the Eleventh Circuit. The government also argues that Melton's § 2255 motion should be dismissed based on his voluntary waiver, in the plea agreement, of his right to collaterally attack his sentence. Because the fist rationale is dispositive of Melton's § 2255 motion, the court pretermits discussion of the effect, if any, of the waiver provision in the plea agreement.

## II. DISCUSSION

Melton contends that the district court erred in denying his motion to suppress the drug evidence found during the search of his car.[1] Specifically, he argues that the search

---

[1] The district court denied Melton's motion to suppress on the basis of the inventory-search
(continued...)

2

violated his Fourth Amendment rights recognized by the United States Supreme Court in *Arizona v. Gant*, 556 U.S. 332 (2009).

Melton presented this argument on direct appeal,[2] and here it is beneficial to quote at length from the Eleventh Circuit's opinion:

> ... On appeal, Melton argues that the district court erred in failing to suppress the drug evidence found during the search of his car. Melton further argues that the district court's ruling that the search was a permissible inventory search was clear error and contrary to the evidence introduced at the suppression hearing. Although the district court denied Melton's motion to suppress on the basis of the inventory search exception, we affirm on other grounds.
>
> ....
>
> In *New York v. Belton*, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). Until recently, we applied an expansive view of *Belton* and read that case to mean that police could search a vehicle incident to an arrest regardless of whether the arrestee had control over the passenger compartment at the time of the search. *Davis*, 598 F.3d at 1262 (citing *United States v. Gonzalez*, 71 F.3d 819, 825 (11th Cir. 1996)). However, in *Arizona v. Gant*, the Supreme Court rejected our view of *Belton*, permitting such a search only where the arrestee can reach the passenger compartment at the time of the search, or where the officer has a reasonable belief that the vehicle contains evidence of the crime of arrest. 556 U.S. 332, 129 S.Ct. 1710, 1723, 173 L.Ed.2d 485 (2009). Furthermore, the Court has held that "a decision ... construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *Griffith v. Ky.*, 479 U.S. 314, 324, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987).

---

[1](...continued)
exception to the warrant requirement. *See* Gov. Exs. 6 & 7.

[2] *See* Gov. Ex. 13, "Initial Brief of Defendant-Appellant Luke Lewis Melton III."

In *Davis* we applied the announced rule in *Gant* and held that a search incident to arrest conducted for neither evidentiary nor officer-safety concerns violated the Fourth Amendment.[1]  *Davis*, 598 F.3d at 1263.  However, we also held "that the exclusionary rule does not apply when the police conduct a search in objectively reasonable reliance on our well-settled precedent, even if that precedent is subsequently overturned."  *Id*. at 1264.

> [**n1.**  *Davis* was pending on appeal when Gant was decided by the Supreme Court.  *Davis*, 598 F.3d at 1263.]

Here, the district court did not err in denying Melton's motion to suppress the drug evidence.  First, the search limitations announced in *Gant* apply because Melton's case was pending on appeal when *Gant* was decided by the Supreme Court.  *See Griffith*, 479 U.S. at 324, 107 S.Ct. at 713.  However, it is unnecessary that we discuss the constitutionality of the search because the government has conceded that the search of Melton's vehicle violated the search incident to arrest exception established in *Gant*.[2]  Brief of Appellee at 15 n.8.  Accordingly, the search of Melton's vehicle incident to arrest violates the Fourth Amendment.

> [**n2.** "The United States concedes that [the officer's] search of Melton's vehicle does not fit within either of the two narrow situations to satisfy the search-incident-to-arrest exception to the warrant requirement established in *Gant*; thus, under *Gant*, the search of Melton's vehicle was not a proper search incident to arrest."  Brief of Appellee at 15 n.8.]

Next, applying our recent holding in *Davis*,[3] the drug evidence discovered in the search of Melton's glove compartment incident to his arrest should not be suppressed.  *See Davis*, 598 F.3d at 1268.  While Melton argues that the exclusionary rule should apply in this case, we recognize that the exclusionary rule is inappropriate "when the offending officer reasonably relied on well-settled precedent."  *Id*. at 1266.  In this case, the offending officer conducted a search of the glove compartment of Melton's vehicle incident to his arrest on a weapons charge.  Under our then-binding precedent, this search was objectively reasonable and would have been permitted in this Circuit pre-*Gant*.  *See Gonzalez*, 71 F.3d at 825.  Therefore, the good-faith exception to the exclusionary rule applies, and the drug evidence discovered in Melton's vehicle in the search incident to his arrest should not be suppressed.

> [**n.3.** At the time of briefing, the parties did not have the benefit of our recent *Davis* decision that controls the disposition of this appeal.]

> Though the district court's decision not to suppress the evidence was based on the inventory exception, we nonetheless affirm that ruling based on the good-faith exception as the applicability of this exception is fully supported by the record.[4] *See Caraballo*, 595 F.3d at 1222.
>
>> [**n.4.** In evaluating the district court's ruling, "we are not strictly bound by the legal analysis relied upon below, and may affirm as long as the district court's decision is correct as a matter of law." *Gonzalez*, 71 F.3d at 825 n.15.]

*United States v. Melton*, 391 Fed. App'x 799, 800-02 (11th Cir. 2010).[3]

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*.

Melton's argument that the district court erred in denying his motion to suppress the drug evidence found during the search of his car was squarely presented to the Eleventh Circuit on direct appeal. The Eleventh Circuit decided the claim adversely to Melton. Because the claim was raised and resolved in Melton's direct appeal, this court will not reconsider the claim here. *Nyhuis*, 211 F.3d at 1343.

---

[3] The United States Supreme Court granted certiorari review in *Davis* and subsequently issued an opinion affirming the Eleventh Circuit's holding that the exclusionary rule does not apply to searches conducted in objectively reasonable reliance on binding appellate precedent. *Davis v. United States*, ___ U.S. ___, 131 S.Ct. 2419 (2011).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Melton be DENIED and this case dismissed with prejudice, as the claim in the § 2255 motion entitles Melton to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 13, 2014.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of September, 2014.


      /s/Charles S. Coody
     CHARLES S. COODY
     UNITED STATES MAGISTRATE JUDGE